# EXHIBIT B

**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

November 25, 2025

**Via Federal eRulemaking Portal and U.S. Mail**

Kristi Noem
Secretary, United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave. SE
Washington, DC 20528

Joseph B. Edlow
Director, U.S. Citizenship and Immigration Services
United States Department of Homeland Security
5900 Capital Gateway Drive
Camp Springs, MD 20746

Re: Notice and Comment Period for Public Charge Ground of Inadmissibility (November 19, 2025), CIS No. 2836-25, DHS Docket No. USCIS-2025-0304

Dear Secretary Noem and Director Edlow,

The undersigned Attorneys General are concerned by the Department of Homeland Security (DHS) and the U.S. Citizenship and Immigration Services (USCIS) above-referenced November 19, 2025 proposal (the "Proposed Rule") to adopt a regulation that would rescind the 2022 public charge ground of inadmissibility regulations (the "2022 Rule"). One of our concerns, expressed herein, arises from the truncated timeline under which DHS and USCIS seek to change fundamental agency policy—particularly given the ambiguities created by the proposal. In light of the far-reaching impacts the Proposed Rule could have on USCIS's mission to oversee immigration to the United States, as well as the widespread and harmful impacts on access to healthcare and nutritional services that DHS acknowledges the Proposed Rule will cause, we ask that you extend the comment period beyond its current 30-day timeframe by 150 days (until May 19, 2026, for a total of 6 months) to enable sufficient time for all stakeholders, including states, to provide comment on the broad potential impacts of this Proposed Rule. A proposed rule of this importance certainly mandates sufficient rulemaking *beyond* the standard sixty days much less a shortened period of merely thirty days.

Given the extremely broad impacts of the Proposed Rule and its lack of clarity, and considering that one out of the four weeks in the comment period contains a significant federal holiday, thirty days is woefully insufficient to give the affected public adequate opportunity to participate in the rulemaking and comment on the proposal as required by the Administrative

Procedure Act. 5 U.S.C. § 553(c). As you are aware, under section (2)(b) of Executive Order 13563, a standard comment period should be *at least* sixty days. This tremendously consequential Proposed Rule calls for a more deliberate pace.

A full six-month comment period is necessary to provide the public with a meaningful opportunity to evaluate the proposal and its implications. The general purposes of "notice and comment requirements are '(1) to ensure that agency regulations are tested via exposure to diverse public comment, (2) to ensure fairness to affected parties, and (3) to give affected parties an opportunity to develop evidence in the record to support their objections to the rule and thereby enhance the quality of judicial review.'" *Prometheus Radio Project v. FCC*, 652 F.3d 431, 449 (3d Cir. 2011) (quoting *Int'l Union, United Mine Workers of Am. v. Mine Safety & Health Admin*., 407 F.3d 1250, 1259 (D.C. Cir. 2005)); *see also Connecticut Light & Power Co. v. Nuclear Regulatory Comm'n*, 673 F.2d 525, 530 (D.C. Cir. 1982) ("The purpose of the comment period is to allow interested members of the public to communicate information, concerns, and criticisms to the agency during the rule-making process."). A 30-day comment period spanning a significant holiday week simply cannot provide such an opportunity. This is especially true for state and local agencies that are concerned about the impact of any changes in DHS's public charge regulation, but are faced with extraordinary demands on their time as a result of the federal government shutdown and recent changes in law.

An extension would also be consistent with DHS and USCIS's past practices for matters of similar importance and complexity. The notice and comment period for the 2022 Rule itself included two separate rounds for comment, totaling 4 months. *See* 86 Fed. Reg. 47025 (Aug. 23, 2021), 87 Fed. Reg. 10570 (Feb. 24, 2022)). DHS and USCIS have extended the comment periods in other contexts as well. For the proposed rule "Agency Information Collection Activities; Extension, Without Change, of a Currently Approved Collection: Report of Immigration Medical Examination and Vaccination Record," DHS and USCIS extended the comment period from 60 days to roughly 6 months (OMB Control No. 1615-0033, 90 Fed. Reg. 11326 (Mar. 5, 2025); https://perma.cc/88UK-R7WP). This change recognized USCIS's receipt of multiple stakeholder comment letters requesting more time. *Id*. Similarly, DHS and USCIS reopened and extended the comment period for the interim final rule "Classification for Victims of Severe Forms of Trafficking in Persons; Eligibility for "T" Nonimmigrant Status" from an initial 60-day period to a total 120-day period. (81 Fed. Reg. 92266 (Dec. 19, 2016), https://perma.cc/JLF5-8W3G; *reopened in July 2021* CIS No. 2507-11; DHS Docket No. USCIS-2011-0010, Jul. 16, 2021, https://perma.cc/6EBQ-9K3F; *extended in August 2021*, Aug. 13, 2021, https://perma.cc/VWW6-3647). DHS and USCIS have also previously provided shorter extensions for comment periods for significant proposed rules. *See* "USCIS Fee Schedule and Changes to Certain Other Immigration Benefit Request Requirements," DHS Docket No. USCIS2019-0010, 84 Fed. Reg. 62280 (Nov. 14, 2019), *extending comment period by two weeks*, https://perma.cc/4Y92-NL6J). DHS and USCIS's 2018 notice of proposed rulemaking regarding public charge, which generated more than 340,000 comments over the course of the standard 60-day comment period, demonstrates the high level of public interest and concern about this policy topic.

The public is entitled to a full, robust comment process considering the complexity and significance the DHS and USCIS's Proposed Rule. We appreciate your consideration of this important matter, and await your prompt decision regarding our request.

Sincerely,

Letitia James
Attorney General of New York

Kwame Raoul
Attorney General of Illinois

Rob Bonta
Attorney General of California

Keith Ellison
Attorney General of Minnesota

Philip J. Weiser
Attorney General of Colorado

William Tong
Attorney General of Connecticut

Kathleen Jennings
Attorney General of Delaware

Brian L. Schwalb
Attorney General of the District of Columbia

Anne E. Lopez
Attorney General of Hawai‘i

Aaron M. Frey
Attorney General of Maine

Anthony Brown
Attorney General of Maryland

Andrea Joy Campbell
Attorney General of Massachusetts

Dana Nessel
Attorney General of Michigan

Aaron D. Ford
Attorney General of Nevada

Matthew J. Platkin
Attorney General of New Jersey

Raúl Torrez
Attorney General of New Mexico

Dan Rayfield
Attorney General of Oregon

Peter Neronha
Attorney General of Rhode Island

Charity R. Clark
Attorney General of Vermont

Nicholas W. Brown
Attorney General of Washington