October 2, 2026

BY ECF

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *State of New York, et al. v. U.S. Dep't of Homeland Security, et al.*, Case No. 26-cv-7978

Dear Judge Abrams:

This letter is submitted jointly by Plaintiff States and Defendants in response to the Court's Order and Notice of Initial Conference filed on September 16, 2026 (ECF No. 17). The information requested in the September 16, 2026 Order is provided below.

**1. A brief description of the nature of the action and the principal defenses thereto.**

A. Plaintiff States' Statement.

Plaintiff States bring this action under the Administrative Procedure Act ("APA"), challenging a final rule rescinding the 2022 public charge ground for inadmissibility regulation and granting to individual officers unfettered discretion to determine whether a person is likely to become a public charge ("2026 Final Rule"). A public charge inadmissibility determination renders a person inadmissible to the United States and also renders a person ineligible for adjustment of status. *See* 8 U.S.C. § 1182(a)(4). Under the 2026 Final Rule, in making a public charge determination, officers may consider an applicant's use of any public benefit for any period time, including use of lawful benefits by U.S.-citizen dependents of the applicant. Plaintiff States challenge the 2026 Public Charge Rule as contrary to law, arbitrary and capricious, challenge the subsequently issued guidance as contrary to law, and arbitrary and capricious, and, in the alternative, promulgated without compliance with procedures required by law. They request the Court vacate the rule under 5 U.S.C. § 706 and enter declaratory relief, 28 U.S.C. § 2412.

B. Defendants' Statement.

Defendants intend to assert several principal defenses to Plaintiffs' claims, including that Plaintiffs lack standing to bring this action, the guidance is not final agency action reviewable under the APA, and neither the 2026 Final Rule nor the guidance violate the APA. Defendants reject Plaintiffs' argument that the 2026 Final Rule and the guidance are contrary to law, arbitrary and capricious, or promulgated without compliance with required procedures.

**2. A brief explanation of why jurisdiction and venue lie in this Court.**

A. Plaintiff States' Statement.

Jurisdiction is based on federal-question jurisdiction under 28 U.S.C. § 1331 (action arising under the laws of the United States). Jurisdiction is also proper under the judicial review provisions of the Administrative Procedure Act. 5 U.S.C. §§ 702, 704. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a), and this Court has authority to grant declaratory relief, injunctive relief, and other relief pursuant to 28 U.S.C. §§ 2201–2202 and 5 U.S.C. § 706.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1) because Defendants are United States officers or agencies acting in their official capacities and a substantial part of the events or omissions giving rise to the claims asserted occurred in this district and it is the home state of Plaintiff State of New York.

B. Defendants' Statement.

Defendants intend to argue that the Court does not have jurisdiction over this matter because Plaintiffs lack standing for their challenge. Defendants do not anticipate challenging venue in this action.

**3. A brief description of all contemplated and/or outstanding motions.**

There are no outstanding motions. Plaintiff States anticipate filing a motion for summary judgment subsequent to the production of the complete administrative record. Defendants anticipate filing a cross-motion for summary judgment subsequent to the production of the complete administrative record.

**4. A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations.**

No discovery has occurred. The parties do not currently anticipate discovery beyond production of the administrative record. No further discovery is necessary for purposes of settlement negotiations.

**5. A brief description of prior settlement discussions and the prospect of settlement.**

No settlement discussions have taken place. The prospect of settlement is unlikely.

**6. The estimated length of trial.**

This action is brought under the Administrative Procedure Act and therefore will be decided on the administrative record and without trial.

**7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

A. Plaintiff States' Statement.

Defendants' 2026 Final Rule has and will continue to have widespread chilling effects on the use of public assistance by non-citizens and their citizen family members. Non-citizens will be faced with the impossible task of weighing their or their family members' lawful participation in supplemental state and federal programs that improve health, economic mobility, and general well-being, against the negative impacts that such participation will have on their ability to obtain lawful permanent resident status. As a result of the 2026 Final Rule, households will forgo legal access to benefits—such as preventative healthcare, nutritional assistance, and school lunch. Plaintiff States will be harmed in various respects, including the impact that the 2026 Final Rule will have on public health, local economies, public education, and public safety.

B. Defendants' Statement.

Because this APA case will not proceed to trial and the parties agree that settlement is unlikely, Defendants do not identify any other information that may assist the Court in advancing the case to settlement or trial. They otherwise do not agree with Plaintiff States' above characterization of the Final Rule, and reserve all rights and arguments.

**8. Additional matters:**

As contemplated by the Court's September 16 Order, ECF No. 17, Defendants request that the Court adjourn the initial scheduling conference for this case and the other pending challenges to the Public Charge Rule. Defendants have not yet filed a responsive pleading—one of the reasons given by the Court's order for adjournment of the conference—and the parties have otherwise agreed on a schedule for further proceedings in all three actions.

Plaintiff States take no position on Defendants' request to adjourn the conference. But if the Court keeps the conference as scheduled, Plaintiff States respectfully seek clarification regarding whether the Court requires that counsel from each Plaintiff State be present for the conference, or whether counsel for the State of New York may appear at the initial status conference on behalf of all Plaintiff States. Counsel for the State of New York will be authorized to make representations and decisions regarding scheduling and case management on behalf of all Plaintiff States.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Civil Division, Federal Programs Branch

JEREMY S. NEWMAN
Chief Litigation Counsel
Civil Division, Federal Programs Branch

*/s/ Christian Dibblee*
CHRISTIAN DIBBLEE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-5980
Email: Christian.r.dibblee@usdoj.gov

*Counsel for Defendants*

**LETITIA JAMES**
Attorney General of the State of New York

By: */s/ Natasha M. Korgaonkar*
Natasha M. Korgaonkar
Zoe Levine
*Special Counsels*
Benjamin D. Liebowitz
*Assistant Attorney General*
Rabia Muqaddam
*Chief Counsel for Federal Initiatives*
Judith Vale
*Deputy Solicitor General*
28 Liberty Street
New York, NY 10005
(212) 416-6557
Natasha.Korgaonkar@ag.ny.gov
Zoe.Levine@ag.ny.gov
Benjamin.Liebowitz@ag.ny.gov
Rabia.Muqaddam@ag.ny.gov
Judith.Vale@ag.ny.gov

*Counsel for the State of New York*

**ROB BONTA**
Attorney General for the State of California

By: */s/ Anna Rich*
Michael L. Newman
Neli N. Palma*
*Senior Assistant Attorneys General*
Nicholas Espíritu
Robin L. Goldfaden*
Kathleen Boergers
*Supervising Deputy Attorneys General*
Julia Heming Segal*
Kevin Reyes*

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Paul Berks*
Cara Hendrickson*
*Executive Deputy Attorney General*
Paul Berks
*Complex Litigation Counsel*
Christina Mahoney
*Deputy Attorney General*
Alice L. Riechers
*Senior Assistant Attorney General*
Office of the Illinois Attorney General

Anna Rich
*Deputy Attorneys General*
1515 Clay Street
Oakland, CA 94612
510-879-0296
Anna.Rich@doj.ca.gov

*Counsel for the State of California*

115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-3000
Cara.hendrickson@ilag.gov
Paul.berks@ilag.gov
Christina.mahoney@ilag.gov
Alice.riechers@ilag.gov

*Counsel for the State of Illinois*

**PHIL WEISER**
Attorney General of Colorado

By: */s/ Gabe Podesta*
Gabe Podesta
*Senior Assistant Attorney General*
1300 Broadway, 10th Fl.
Denver, CO 80203
(720) 508-6000
gabe.podesta@coag.gov

*Counsel for the State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Alexandra Quental*
Alexandra Quental
*Assistant Attorney General*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5210
Alexandra.Quental@ct.gov

*Counsel for the State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: /s/ *Vanessa L. Kassab*
Ian R. Liston*
*Director of Impact Litigation*
Vanessa L. Kassab*
*Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*

**BRIAN L. SCHWALB**
Attorney General of the District of Columbia

*/s/ Nicole S. Hill*
Nicole S. Hill*
*Assistant Attorney General*
Office of the Attorney General
for the District of Columbia
400 Sixth Street NW
Washington, D.C. 20001
(202) 727-4171
Nicole.Hill@dc.gov

*Counsel for Plaintiff District of Columbia*

**ANNE LOPEZ**
Attorney General of Hawaiʻi

By: */s/ Kalikoʻonālani D. Fernandes*

**AARON M. FREY**
Maine Attorney General

By: */s/ Katherine W. Thompson*

Kalikoʻonālani D. Fernandes
*Solicitor General*
Hawaiʻi Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
Kaliko.D.Fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

Katherine W. Thompson*
*Special Counsel*
Office of the Attorney General
6 State House Station
Augusta, ME 04333
Tel.: 207-626-8455
Fax: 207-287-3145
Kate.thompson@maine.gov

*Counsel for the State of Maine*

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Yasmin Dagne*
Yasmin Dagne*
*Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-223-1580
ydagne@oag.maryland.gov

*Counsel for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: /s/ *Michelle R. Pascucci*
Michelle R. Pascucci
*State Trial Counsel*
Phoebe M. Lockhart
Thomas P. Furlong*
*Assistant Attorneys General*
1 Ashburton Pl.
Boston, MA 02108
Phone: 617-963-2255
michelle.pascucci@mass.gov
phoebe.lockhart@mass.gov
thomas.furlong@mass.gov

*Counsel for the Commonwealth of Massachusetts*

**DANA NESSEL**
Attorney General for the State of Michigan

By: */s/ Daniel Ping*
Daniel J. Ping
Neil S. Giovanatti
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa St.
Lansing, MI 48909
(517) 241-1050
PingD@michigan.gov
GiovanattiN@michigan.gov

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: */s/ Joseph R. Richie*
Joseph R. Richie
*Special Counsel*
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us

*Counsel for the State of Minnesota*

*Counsel for Plaintiff State of Michigan*

**AARON D. FORD**
Attorney General of Nevada

By: */s/ Heidi Parry Stern*
Heidi Parry Stern
*Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
hstern@ag.nv.gov

*Counsel for the State of Nevada*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

By: */s/ Max Lesser*
Max Lesser
*Deputy Attorney General*
25 Market Street, 8th Floor
Trenton, NJ 08625
(609) 575-6143
Max.lesser@law.njoag.gov

*Counsel for the State of New Jersey*

**RAÚL TORREZ**
New Mexico Attorney General

By: */s/ Amanda Butler*
Amanda Butler*
*Senior Counsel*
New Mexico Department of Justice
408 Galisteo Street
Villagra Building
Santa Fe, NM 87501
ABulter@nmdoj.gov

*Counsel for the State of New Mexico*

**DAN RAYFIELD**
Attorney General for the State of Oregon

By: */s/ Galen Knowles*
Galen Knowles*
*Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Galen.Knowles@doj.oregon.gov

*Counsel for the State of Oregon*

**JOSH SHAPIRO**
In his official capacity as Governor of the Commonwealth of Pennsylvania

By: */s/ Michael J. Fischer*
Jennifer Selber*
*General Counsel*
Michael J. Fischer*
*Executive Deputy General Counsel*
Jacob B. Boyer*
*Deputy General Counsel*
Office of General Counsel
30 N. 3rd St., Suite 200

**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Patrick Reynolds*
Patrick Reynolds*
*Special Assistant Attorney General*
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400
preynolds@riag.ri.gov

*Counsel for the State of Rhode Island*

Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov

*Counsel for Governor Josh Shapiro*

**CHARITY R. CLARK**
Attorney General of Vermont

By: */s/ Samuel B. Stratton*
Samuel B. Stratton
*Assistant Attorney General*
109 State Street
Montpelier, VT 05609
(802) 828-3171
sam.stratton@vermont.gov

*Counsel for the State of Vermont*

**JAY JONES**
Attorney General for the Commonwealth of Virginia

By: */s/ Megan C. Keenan*
Megan C. Keenan*
*Deputy Solicitor General*
202 North Ninth Street
Richmond, Virginia 23219
(804) 997-5222
mkeenan@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Kate S. Worthington*
Kate S. Worthington*
*Assistant Attorney General*
Complex Litigation Division
Washington State Office of the Attorney General
7141 Cleanwater Drive SW
P.O. Box 40111
Olympia, WA 98504-0111
(306) 709-6470
kate.worthington@atg.wa.gov

*Counsel for the State of Washington*

**JOSHUA L. KAUL**
Attorney General for the State of Wisconsin

By: /s/ *Faye B. Hipsman*
Faye B. Hipsman*
*Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-9487
faye.hipsman@wisdoj.gov

*Counsel for the State of Wisconsin*

* *Pro hac vice* motion forthcoming